**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
------------------------------------------------------------x  
In re:

    ARKADY MALAKHOV,

                      Debtor.  
------------------------------------------------------------x  
VADIM PRISIVKO,

                      Plaintiff,

        - against -

ARKADY MALAKHOV,

                      Defendant.  
------------------------------------------------------------x

**NOT FOR PUBLICATION**

Chapter 7

Case No. 05-47081 (ALG)

Adv. Proc. No. 07-01716 (ALG)

**MEMORANDUM AND ORDER**

A P P E A R A N C E S:

LOWENSTEIN SANDLER PC  
Attorney for Plaintiff, Vadim Prisivko  
 By:   Steven M. Hecht, Esq.  
1251 Avenue of the Americas  
New York, NY 10020

SATTERLEE STEPHENS BURKE & BURKE LLP  
Attorney for Defendant, Arkady Malakhov  
 By:   Howard G. Seitz, Esq.  
230 Park Avenue, Suite 1130  
New York, NY 10169

**ALLAN L. GROPPER**  
**UNITED STATES BANKRUPTCY JUDGE**

Plaintiff Vadim Prisivko ("Prisivko") has moved for reconsideration of this Court's January 7, 2011 order granting a discharge to defendant, Arkady Malakhov ("Malakhov"), and for the entry of amended findings pursuant to Fed. R. Civ. P. 52(b), 59(e), and 60(b). In the alternative, Prisivko has moved for leave to amend the complaint to conform to the evidence presented in the case pursuant to Fed. R. Civ. P. 15(b). Malakhov has cross-moved pursuant to Fed. R. Civ. P. 59(e) for reconsideration of the findings regarding the adequacy of Malakhov's notice to Grigoriy Shcherbakovskiy ("Shcherbakovskiy"), Prisivko's predecessor-in-interest and the original plaintiff in this case. The facts underlying this dispute are set forth in this Court's previous decision and will not be restated. *See In re Malakhov*, 2011 WL 65603 (Bankr. S.D.N.Y. Jan. 7, 2011).

### I. Plaintiff's Request for Amended or Additional Findings

Prisivko argues that this Court failed to adequately consider two issues relating to Malakhov's sale of certain shares (the "Gift Shares") to Sigford Hogsbro ("Hogsbro"): (1) Malakhov's non-disclosure of income resulting from the sale; and (2) his failure to identify his alleged "management positions" at ZeTek Power, PLC ("ZeTek") and Cenergie Corporation ("Cenergie"). Prisivko argues that non-disclosure of income, by itself, warrants a revocation of Malakhov's discharge for "fraudulent understatement of income." *Prisivko's Motion* at 9 (Dkt. No. 62). Prisivko argues that the second issue is also relevant because it is "directly probative of his fraudulent intent in failing to disclose his equity interest in Cenergie PLC." *Id.* In addition, Prisivko requests that this Court make additional and amended findings, pursuant to Fed. R. Civ. P. 52(b), with respect to

2

Malakhov's alleged failure to schedule a debt owed to Shcherbakovskiy in the amount of $760,000.[1]

With regard to Prisivko's first allegation and contrary to his assertions, the Court was well aware of Malakhov's non-disclosure of a minimal amount of income and failure to list his positions at ZeTek and Cenergie on his Statement of Financial Affairs ("SOFA") and took those non-disclosures into account when considering the record as a whole. *In re Malakhov*, 2011 WL 65603 at *5. In the Court's view, Malakhov's failure to account for $1,000 in proceeds received for the transfer of the Gift Shares was immaterial.[2] *See In re Natale*, 136 B.R. 344, 350 (Bankr. E.D.N.Y. 1992) (failure to list annuity valued at $2,000 was "immaterial as a matter of law"); *see also In re Woerner*, 66 B.R. 964, 973 (Bankr. E.D. Pa. 1986); *In re Morris*, 48 B.R. 422, 429-30 (Bankr. N.D. Tex. 1986). Moreover, Malakhov credibly testified he believed in good faith he did not have a position at either ZeTek or Cenergie which had to be disclosed in his SOFA. Question 18 of the SOFA requires the disclosure of certain identifying information about businesses in which the debtor was "an officer, director, partner, or managing executive". Malakhov's testimony was that he was not an officer, director, partner or managing executive and that Nicholas Abson ("Abson"), his former boss, described Malakhov as part of the management only in situations where it was beneficial for Abson to do so. Prisivko has produced no new evidence regarding Malakhov's alleged fraudulent intent or in support of his allegations that this Court made a manifest error in law or fact with respect to these issues.

---

[1] Fed. R. Civ. P. 52(b) is applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7052.
[2] Malakhov testified at trial that he sold the Gift Shares for $10,000: the $1,000 currently at issue and $9,000 Malakhov allegedly received in meals, plane tickets and other in-kind payments. Prisivko has not raised any issues concerning the remaining $9,000 and there is no evidence that Malakhov actually received goods worth $9,000 from Hogsbro.

3

Prisivko cites *In re Mick*, 310 B.R. 255, 259 (D. Vt. 2004), for the proposition that Malakhov's allegedly false answers to Questions 1 and 18 of his SOFA prohibits his discharge.[3] In *Mick*, the debtor's discharge was ultimately denied because the court did not find the bankrupt credible, pointing to his "disparate answers" and multiple amendments to his SOFA, which was ultimately contradicted by the evidence at trial. Malakhov made no amendments to his SOFA, his answers to questions at trial were forthright and the evidence does not support a finding that Malakhov had a "reckless disregard for the truth" or that he demonstrated fraudulent intent.

Prisivko also moved, pursuant to Rule 52(b) for amended findings regarding Malakhov's alleged failure to schedule a $760,000 debt to Shcherbakovskiy. Rule 52(b) motions are appropriate only when the moving party can show either a manifest error of law or fact, or newly discovered evidence, and are not intended to be an opportunity for parties to relitigate old issues or to advance new theories. *See e.g. United States v. Int'l Longshoreman's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993); *Wallace v. Brown*, 485 F. Supp. 77, 78 (S.D.N.Y. 1979). Prisivko's requested relief is unwarranted. There was no error of law or fact in the original decision. First, Malakhov testified that the claimed $760,000 debt was a non-recourse obligation secured by shares in ZeTek that was discharged when that collateral was surrendered to Shcherbakovskiy. Malakhov's position was far more credible than Shcherbakovskiy's when viewed in light of the history of this dispute. Thus, when Shcherbakovskiy filed his complaint seeking to revoke his cousin's discharge, he complained only about the Gift Shares and not about his supposed $760,000 claim against Malakhov. In any event, Shcherbakovskiy was

---

[3] Question 1 of the SOFA requires the disclosure of certain income from prior employment or the operation of a business. The disclosure requirements of Question 18 are discussed above.

4

listed as a creditor on Malakhov's petition in the amount of $7,567 and would not have received any greater notice or recovery had his debt been listed as $760,000 instead of $7,567. Prisivko has failed to establish a sufficient basis to amend this Court's previous finding, and his motion to amend the findings under Fed. R. Civ. P. 52(b) is denied.

## II. Motion to Reconsider, Relief from Judgment and Amended Pleadings

Prisivko moves for reconsideration pursuant to Fed. R.Civ. P. 59(e). Such motions have a narrow reach, *In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr. S.D.N.Y. 1986), and may only be granted if there is "newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *In re Lufkin*, 393 B.R. 585, 600 (Bankr. E.D. Tenn. 2008). Prisivko, however, has not cited any newly discovered evidence, change in controlling law, manifest injustice, nor has he demonstrated that this Court made a mistake in its prior decision.

Similarly, Prisivko is not entitled to relief from this Court's judgment under Fed. R. Civ. P. 60(b). Rule 60(b)(1) and (6) provide that a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Excusable neglect claims are analyzed by considering "all relevant circumstances surrounding the party's omission." *In re Miller*, 2009 WL 174902 (S.D.N.Y. Jan. 26, 2009), quoting *Pioneer Investment Services Co. v. Brunswick Associates Partnership*, 507 U.S. 380, 395 (1993). Prisivko claims he is entitled to relief under Rule 60(b)(1) because he believed Malakhov's failure to disclose the alleged debt owed to Shcherbakovskiy and his alleged managerial positions at ZeTek and Cenergie were not considered by the Court. While the Court did not specifically address these issues, as stated above, they were taken into account.

5

Prisivko also seeks relief from final judgment under Rule 60(b)(6). Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986) (citing *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981)). Here, there are no extraordinary circumstances or undue hardship which would warrant relief under Rule 60(b)(6) in this case.

In the alternative, Prisivko contends that, pursuant to Fed. R. Civ. P. 15(b),[4] this Court should allow the amendment of his pleadings to conform them to the evidence. Rule 15(b)(2) provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move . . . to amend the pleadings to conform them to the evidence . . . [b]ut failure to amend does not affect the result of the trial of that issue.

Generally, amendments to pleadings under Rule 15(b) are liberally allowed when necessary to further justice and where the adverse party will not be prejudiced. *In re Adelphia Commc'ns Corp.*, 376 B.R. 87, 106 (Bankr. S.D.N.Y. 2007). In this case, Prisivko is not attempting to add a new cause of action, but rather to revisit issues this Court has already taken into consideration. For the above stated reasons, Prisivko's motion to amend his pleadings under Fed. R. Civ. P. 15(b) is denied.

### III. Malakhov's Fed. R. Civ. P. 59(e) Motion

Malakhov has responded to Prisivko's Rule 59(e) motion with one of his own. He seeks reconsideration of the Court's findings regarding the adequacy of the notice afforded to Shcherbakovskiy. This Court previously held that Shcherbakovskiy did not

---

[4] Fed. R. Civ. P. 15(b) is applicable to this proceeding under Bankruptcy Rule 7015.

receive timely notice of Malakhov's chapter 7 petition, and that the motion to revoke the discharge was timely under § 727(e) of the Bankruptcy Code. Although Malakhov moves to amend this finding, he has provided no additional evidence that would require the Court to change its position regarding the inadequacy of the notice provided to Shcherbakovskiy. Therefore, Malakhov's motion is denied.

## CONCLUSION

For the foregoing reasons, the Prisivko's motions for amended or additional findings under Fed. R. Civ. P. 52(b), 59(e), and 60(b), as well as for amended pleadings under Fed. R. Civ. P. 15(b) are denied. Malakhov's motion to amend findings regarding adequacy of his notice to Shcherbakovskiy under Fed. R. Civ. P. 59(e) is also denied.

**IT IS SO ORDERED.**


Dated: New York, New York
       April 28, 2011


                                    _/s/ Allan L. Gropper_____
                                    UNITED STATES BANKRUPTCY JUDGE